```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
CAPITAL ONE, NATIONAL ASSOCIATION,       :

                                         :      ORDER
                Plaintiff,
                                         :      19 Civ. 9358  (GWG)
      -v.-
                                         :

PAIGE HOSPITALITY GROUP, LLC et al.,     :

                                         :
                Defendants.
---------------------------------------------------------------X
```

**GABRIEL W. GORENSTEIN, United States Magistrate Judge**

The Court has reviewed plaintiff Capital One's Motion for Summary Judgment and related filings. See Docket ## 73-77. The plaintiff's submission fails to give a complete explanation of how it arrived at the requested damages figures. See Memorandum of Law in Support of Motion for Summary Judgment, filed Apr. 26, 2022 (Docket # 75), at 11. Most obviously, it fails to specify how it arrived at the principal amount due and on what date (or dates) interest could properly begin accruing. It also fails to specify what interest rate was used and why that interest rate was called for under the contract documents. It also does not explain how it arrived at the calculation of late fees. Plaintiff is directed to make a new submission that addresses these issues in full.

The Court notes that it is not necessary to calculate a judgment as of a particular date (in this case, plaintiffs calculated a judgment as of February 28, 2022, for reasons that are not clear to the Court). Instead, the plaintiff should provide an amount due as of a particular date (which should be explained in full) and then give a figure for the precise amount of the daily accrual of interest from that date (after having explained the basis therefor). If plaintiff prevails on the motion, the Clerk will calculate, on the date judgment is entered, the total amount due.

The Court also observes that Capital One relies largely on New York law in support of its motion for summary judgment, but Capital One has not set forth an explanation as to why New York law should govern this action in light of the terms of the Promissory Note and Commercial Guaranty documents. If Capital One agrees that New York law does not apply, it should provide legal authority for any statements of law that previously were supported by citations to New York law.

Capital One is directed to file a memorandum (and any other necessary papers) regarding the issues identified above by June 15, 2022. Defendants may respond within 7 days after Capital One makes its filing.

SO ORDERED.

Dated: June 1, 2022
       New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge