UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
CAPITAL ONE, NATIONAL ASSOCIATION,    :

                                                         :      OPINION AND ORDER

            Plaintiff,

                                         :      19 Civ. 9358 (GWG)

  -v.-

                                         :

PAIGE HOSPITALITY GROUP, LLC,
MATTHEW SHENDELL, FONDUE 26 LLC,    :
BURGER FULTON LLC, and AINS IP
COMPANY LLC,    :

           Defendants.    :
---------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, United States Magistrate Judge**

      Plaintiff Capital One, National Association ("Capital One") brings this case against defendants Paige Hospitality Group, LLC ("Paige Hospitality" or the "Borrower"), Matthew Shendell, Fondue 26 LLC ("Fondue"), Burger Fulton LLC ("Burger Fulton"), and Ains IP Company LLC ("Ains IP"), to collect amounts due under a promissory note and related guaranty agreements. See Complaint, filed Oct. 9, 2019 (Docket # 4) ("Comp."). Capital One has moved for summary judgment on all claims.[1] Defendants have not opposed the summary judgment motion. For the reasons that follow, Capital One's motion is granted.

I.    FACTS

---

[1] See Motion for Summary Judgment, filed Apr. 26, 2022 (Docket # 73); Declaration of Brian S. McGrath in Support of Motion for Summary Judgment, filed Apr. 26, 2022 (Docket # 74); Memorandum of Law in Support of Motion for Summary Judgment, filed Apr. 26, 2022 (Docket # 75) ("Mem."); Affidavit of John Edmonston, dated Mar. 24, 2022, annexed as Ex. A to Mem. ("Edmonston Aff."); Plaintiff's Rule 56.1 Statement, filed Apr. 26, 2022 (Docket # 77) ("56.1 Statement"); Supplemental Memorandum of Law, filed June 15, 2022 (Docket # 84); Affidavit of Mark Dubos, filed June 15, 2022 (Docket # 85) ("Dubos Aff."); Second Supplemental Memorandum of Law, filed June 21, 2022 (Docket # 87) ("Supp. Mem.").

We rely largely on the facts as stated in Capital One's Rule 56.1 Statement, all of which are supported by affidavits and exhibits. Defendants have not opposed Capital One's motion for summary judgment and thus have not controverted any of those facts.

On May 25, 2018, Capital One provided the Borrower a loan in the amount of $404,063.62. See Promissory Note, dated May 25, 2018, annexed as Ex. 1 to Edmonston Aff.; 56.1 Statement ¶ 1; Edmonston Aff. ¶ 2. The promissory note associated with the loan is payable to Capital One, and Capital One remains the owner and holder of the note. See Promissory Note; 56.1 Statement ¶¶ 1-2; Edmonston Aff. ¶ 2. The note provides that Capital One is entitled to the principal amount of $404,063.32 as well as interest on the unpaid balance at the rate of 6.3% per annum from May 25, 2018 until paid in full. See Promissory Note at 1; 56.1 Statement ¶ 3; Edmonston Aff. ¶ 3. The note further provides for monthly payments of $7,886.74, with late payment fees of 5% of the unpaid amount due. See Promissory Note at 1; 56.1 Statement ¶¶ 4-5; Edmonston Aff. ¶¶ 4-5.

The note defines certain occurrences as "Events of Default," including failure to make any payment when due and failure to comply with any other term of the note. See Promissory Note at 1; 56.1 Statement ¶ 6; Edmonston Aff. ¶ 6. The note provides that upon the occurrence of an Event of Default, Capital One has the option of declaring the unpaid principal, all accrued and unpaid interest, along with all applicable fees, costs, and charges, to be immediately due and payable by the Borrower. See Promissory Note at 1; 56.1 Statement ¶ 7; Edmonston Aff. ¶ 7. If Capital One so declares, the interest rate due on the Note is increased to 18% per annum. See Promissory Note at 1; 56.1 Statement ¶ 8; Edmonston Aff. ¶ 8.

The Borrower executed two Commercial Security Agreements that granted Capital One a security interest in certain collateral ("Collateral") to secure the amounts due under the note, which is described as follows:

> All business assets, including but not limited to Inventory, Chattel Paper, Accounts, Equipment and General Intangibles; whether any of the foregoing is owned now or acquired later, all accessions, additions, replacements, and substitutions relating to any of the foregoing; all documents and instruments; all related equipment, all related fixtures, and all related accounts, chattel paper, documents, and general intangibles; all records of any kind relating to any of the foregoing; all proceeds relating to any of the foregoing (including insurance, chattel paper and other accounts proceeds) and all related general intangibles; whether any of the foregoing is owned now or acquired later; all accessions, additions, replacements, and substitutions relating to any of the foregoing; all records of any kind relating to any of the foregoing.

Commercial Security Agreement, dated Apr. 28, 2016, annexed as Ex. 2a to Edmonston Aff., at 1; Commercial Security Agreement, dated May 25, 2018, annexed as Ex. 2b to Edmonston Aff., at 1; see 56.1 Statement ¶ 9; Edmonston Aff. ¶ 9. Capital One perfected its security interest in the Collateral by filing a UCC-1 Financing Statement with the New York Department of State on May 11, 2016, which was continued on April 28, 2021. See UCC-1 Financing Statement, dated May 11, 2016, annexed as Ex. 3 to Edmonston Aff.; 56.1 Statement ¶ 10; Edmonston Aff. ¶ 10.

The non-Borrower defendants Shendell, Fondue, Burger Fulton, and Ains IP each executed Commercial Guaranty documents guaranteeing the Borrower's obligations in connection with the loan, including the obligation to pay the costs of any suit by Capital One to recover amounts due. See Commercial Guaranty Agreements, annexed as Ex. 4 to Edmonston Aff.; 56.1 Statement ¶¶ 11, 16-17; Edmonston Aff. ¶¶ 11, 16-17.

On November 18, 2018, the Borrower failed to make the payment due under the note. See 56.1 Statement ¶ 12; Edmonston Aff. ¶ 12. The Borrower also failed to make every payment due under the note thereafter. See 56.1 Statement ¶ 12; Edmonston Aff. ¶ 12. On May 20, 2019,

Capital One sent a letter to defendants demanding payment of amounts due. See 56.1 Statement ¶ 13; Edmonston Aff. ¶ 13; Demand Letter, dated May 20, 2019, annexed as Ex. 5a to Edmonston Aff. Defendants have failed to pay the balance due under the note. See 56.1 Statement ¶ 14; Edmonston Aff. ¶ 14. Capital One has exercised its option to accelerate all amounts due under the loan and to pursue legal action to obtain payment. See 56.1 Statement ¶ 15; Edmonston Aff. ¶ 15.

## II.  LEGAL STANDARD

Rule 56(a) of the Federal Rules of Civil Procedure provides that a court shall grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In determining whether a genuine issue of material fact exists, "[t]he evidence of the non-movant is to be believed" and the court must draw "all justifiable inferences" in favor of the nonmoving party. Id. at 255 (citing Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970)); accord Morales v. Quintel Ent., Inc., 249 F.3d 115, 121 (2d Cir. 2001) ("[A]ll reasonable inferences must be drawn against the party whose motion is under consideration.").

Fed. R. Civ. P. 56(e) provides that "[i]f a party fails to properly . . . address another party's assertion of fact," the court may "grant summary judgment if the motion and supporting materials — including the facts considered undisputed — show that the movant is entitled to it." However, even "where the non-moving party 'chooses the perilous path of failing to submit a response to a summary judgment motion, the district court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating

that no material issue of fact remains for trial.'" Vt. Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241, 244 (2d Cir. 2004) (quoting Amaker v. Foley, 274 F.3d 677, 681 (2d Cir. 2001)); accord Jackson v. Fed. Exp., 766 F.3d 189, 194 (2d Cir. 2014). "If it has not, summary judgment is inappropriate, for no defense to an insufficient showing is required." Amaker, 274 F.3d at 681 (punctuation omitted). "Moreover, in determining whether the moving party has met this burden of showing the absence of a genuine issue for trial, the district court may not rely solely on the statement of undisputed facts contained in the moving party's Rule 56.1 statement. It must be satisfied that the citation to evidence in the record supports the assertion." Vt. Teddy Bear, 373 F.3d at 244. "And, of course, the court must determine whether the legal theory of the motion is sound." Jackson, 766 F.3d at 194.

The note provides that it is "governed by federal law applicable to Lender and, to the extent not preempted by federal law, the laws of the Commonwealth of Virginia without regard to its conflicts of law provisions." See Promissory Note at 1. We agree with Capital One that this action is governed by Virginia law, see Supp. Mem. at 2-3, as there is no indication that federal law has preempted Virginia law governing the recovery of sums due under a promissory note. Virginia law provides that "[a] civil action may be maintained upon any note or writing by which there is a promise, undertaking, or obligation to pay money, if the same be signed by the party who is to be charged thereby, or his agent." Va. Code § 8.01-27; accord CIT Small Bus. Lending Corp. v. Core Holdings, LLC, 2013 WL 711395, at *1 (E.D. Va. Feb. 7, 2013). "Under Virginia common law, breach of a promissory note is encompassed under a breach of contract claim." Premier Bank, Inc. v. Tech. Res., Inc., 2013 WL 6834380, at *5 (E.D. Va. Dec. 23, 2013). To prevail on such a claim, a plaintiff must show "that the defendant (1) had a legally enforceable obligation, (2) materially breached that obligation, and (3) such breach caused the

plaintiff damage." Id. (citing Filak v. George, 594 S.E.2d 610, 614 (Va. 2004)). A plaintiff bears the burden of "proving with reasonable certainty the amount of damages and the cause from which they resulted." Sunrise Continuing Care, LLC v. Wright, 671 S.E.2d 132, 136 (Va. 2009).

The guaranty agreements similarly provide that they are governed by Virginia law unless preempted by federal law. See Commercial Guaranty Agreements at 2. Virginia law provides that where a guaranty agreement unconditionally guarantees payment of all amounts due under a note, the holder of the note may collect payment from individual guarantors. See CIT Small Bus. Lending Corp. v. Powerhouse Alexandria, Inc., 2010 WL 5178827, at *2 (E.D. Va. Nov. 5, 2010) (citing Ives v. Williams, 129 S.E. 675, 676 (Va. 1925)), adopted, 2010 WL 5187805 (E.D. Va. Dec. 13, 2010).

III.     DISCUSSION

Capital One has moved for summary judgment as to all amounts due under the promissory note executed by the Borrower and the guaranty agreements executed by the remaining defendants. See Mem. at 1. Capital One also seeks the attorney fees and costs it has incurred in connection with these proceedings. See Mem. at 11-12. Finally, Capital One seeks recognition that it is the holder of the financial instruments at issue and that those instruments are valid and enforceable. See id. at 9-10. None of the defendants have filed any opposition to the motion for summary judgment. Because defendants have failed to respond in any way to the motion for summary judgment, they have by definition "fail[ed] to properly address another party's assertion of fact." Fed. R. Civ. P. 56(e). However, we review Capital One's submissions to determine that the motion's factual assertions are supported by evidence in the record and that its legal theory is sound. See Vt. Teddy Bear, 373 F.3d at 244.

A.     Liability

Capital One has shown through its uncontested submissions that the note is a negotiable instrument upon which Capital One may bring suit pursuant to Virginia Code § 8.3A-104 and that the Borrower failed to make payments due under the note. See Powerhouse Alexandria, 2010 WL 5178827 at *2. Capital One demanded that the guarantor defendants pay the amounts owed under the note and they failed to do so. Accordingly, Capital One is entitled to judgment as to amounts due under the promissory note signed by the Borrower and the guaranty agreements that were executed by the guarantor defendants.

First, the note was "signed by the charged party or his agent" as required by Virginia Code § 8.01-27. The promissory note was signed on May 25, 2018 by Matthew Shendell, the then-manager of Paige Hospitality. See Promissory Note at 1-2; see also Edmonston Decl. ¶ 2; 56.1 Statement ¶ 2. Because defendants have not opposed Capital One's motion, they have necessarily failed to controvert the authenticity of this signature. Similarly, each of the guaranty agreements was signed by Shendell, either individually or in his capacity as the manager of defendants Burger Fulton, Fondue, and Ains IP. See Commercial Guaranty Agreements at 3, 6, 10, 14. The guaranty agreements absolutely and unconditionally guaranteed payment of all obligations incurred by the Borrower and owed to Capital One, both now and in the future. See generally id.; see also Edmonston Decl. ¶ 11; 56.1 Statement ¶ 11. The agreements signed by each guarantor defendant are identical in their relevant terms and are expressed in language that is clear and unambiguous. The guaranty agreements explicitly state that each guarantor "absolutely and unconditionally guarantees full and punctual payment and satisfaction of the Indebtedness of Borrower to Lender." See Commercial Guaranty Agreements at 1. Each guarantor "waive[d] any right to require Lender . . . to make any presentment, protest, demand,

or notice of any kind," regarding the Borrower's nonpayment, and further "waive[d] any and all rights or defenses based on suretyship or impairment of collateral." Id. at 2.

Second, Capital One has shown that the Borrower materially breached its obligations by failing to make payments due under the note. Capital One has provided an affidavit that the Borrower failed to make payments due under the loan, and that Capital One exercised its right to accelerate amounts due. See Edmonston Decl. ¶¶ 12-15; 56.1 Statement ¶¶ 12-15. The Borrower failed to make a scheduled monthly payment of $7,886.74 on November 18, 2018 and has not made any payments to Capital One since that date. See Edmonston Aff. ¶¶ 4, 12. This is a material breach of the promissory note. See, e.g., Premier Bank, 2013 WL 6834380, at *6 (failure to make payments due constituted material breach).

As for the guaranty agreements, Capital One has provided evidence that it made a demand upon the guarantor defendants following the Borrower's default, see Demand Letter, and an affidavit indicating that defendants have failed to pay the balance due, see Edmonston Decl. ¶ 14. The guaranty agreements were materially breached when Capital One demanded payment from the guarantor defendants and received none. See Edmonston Aff. ¶¶ 13-14.

Third, it is uncontested that Capital One has been damaged by defendants' failure to pay the sums due under the promissory note and the guaranty agreements. See Edmonston Decl. ¶¶ 12-14.

Accordingly, Capital One has shown that it is entitled to summary judgment finding that defendants have breached their obligations under the promissory note and commercial guaranty agreements. Capital One is entitled to recover for all damages arising from that breach that it shows to a reasonable degree of certainty.

B.     Damages

Capital One has "prove[n] these damages with reasonable certainty." Premier Bank, 2013 WL 6834380 at *5. Capital One has provided evidence that the unpaid balance of the principal owed under the promissory note is $378,505.84, which represents the total principal amount of the note, $404,063.62, less the five monthly payments of $7,886.74 the Borrower made between June and October 2018. See Edmonston Decl. ¶ 19; Dubos Aff. ¶¶ 5, 18-19. The record shows that the Borrower's final payment on October 25, 2018 satisfied all interest due on the loan through December 25, 2018. See Dubos Aff. ¶¶ 21-22. Thereafter, interest accrued at a rate of $66.24 per day, an amount derived from the unpaid balance and the note's interest rate of 6.3% per annum based on a year of "360" days.[2.] See Promissory Note at 1; Dubos. Aff. ¶¶ 20-24.[3]

Pursuant to the terms of the note, Capital One also assessed four late fees against the Borrower on October 5, 2018, December 5, 2018, February 4, 2019, and March 7, 2019. See Dubos Aff. ¶ 28. The note provided Capital One with the right to assess late fees in the amount of 5% of the unpaid balance of a monthly payment whenever a payment was 10 or more days late. See Promissory Note at 1-2; Dubos Aff. ¶ 27. Each time Capital One assessed a late fee, the entirety of the $7,886.74 monthly payment was unpaid, and so the late fees amounted to

---

[2] $[ \$378{,}505.84 \times 0.063 ] \div 360 = \$66.2385$

[3] Although the note provides for an elevated interest rate of 18% following a default, see Promissory Note at 1, Capital One seeks interest only at the non-default rate of 6.3%, see Dubos Aff. ¶ 26.

$394.34, for a total of $1,577.36.[4]  See Dubos Aff. ¶¶ 27-28.  We find the imposition of these late fees to also be consistent with the terms of the note.

Accordingly, Capital One is entitled to an award of $380,083.20 for the unpaid principal and late fees due under the note.  Under the terms of the note, interest has accrued on the amount owed at the rate of $66.24 per day beginning December 26, 2018, and will continue to accrue until the judgment is satisfied.

  C. Attorneys' Fees

Both the promissory note and the guaranty agreements include language providing for an award of costs, including attorneys' fees, incurred by Capital One in enforcing their rights under either instrument.  See Promissory Note at 1 ("Borrower agrees to pay Lender's attorneys' fees equal to 25.000% of the principal balance due on the loan and all of Lender's other collection expenses, whether or not there is a lawsuit."); Commercial Guaranty Agreements at 2 (providing that if Capital One "hires an attorney to help enforce this Guaranty, Guarantor will pay, subject to any limits under applicable law, Lender's attorneys' fees equal to 25.000% of the amount due under this Guaranty and all of Lender's other collection expenses, whether or not there is a lawsuit.").  This language provides a basis for an award of attorneys' fees in this action.

However, Capital One has not provided evidence of the attorneys' fees and costs it has incurred in bringing this action.  Instead, Capital One requests permission to "file a motion with this Court seeking to establish the amount of attorneys' fees and costs due to it by Defendants." See Mem. at 12.  This request is granted.  Capital One shall file a motion and accompanying

---

[4]  $7,886.74 × 0.05 = $394.34

  $394.34 × 4 = $1,577.36

affidavit or declaration setting forth the amount of attorneys' fees and legal expenses recoverable, accompanied by contemporaneous timesheets, invoices and/or any other evidence in support of the amount claimed, within 14 days of this decision. See Fed. R. Civ. P. 54(d)(2)(B)(i).

### D.    Requested Ruling as to Status of Capital One

Capital One also seeks recognition that it is the holder of the promissory note, the security agreements, and the guaranty agreements, and recognition that those agreements are enforceable. See Mem. at 12. For the reasons set forth above, we find that Capital One is the holder of the promissory note and guaranty agreements and that those instruments are enforceable as set forth in this opinion. We further find that the security agreements granted Capital One an enforceable security interest in the Collateral, which Capital One perfected by filing a UCC-1 Financing Statement with the New York State Department of State. See Commercial Security Agreement; Edmonston Decl. ¶¶ 9-10; 56.1 Statement ¶¶ 9-10.

## IV.    CONCLUSION

Capital One's motion for summary judgment (Docket # 73) is granted as set forth above. Capital One is awarded $380,083.20 for the unpaid principal and late fees, with interest accruing at the rate of $66.24 per day from December 26, 2018, to the date judgment is satisfied. The Clerk is directed to calculate and enter judgment accordingly and to close this case. Such closure is without prejudice to a motion for attorney fees filed within 14 days of the entry of judgment.

Dated: July 22, 2022
       New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge