UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
CAPITAL ONE, NATIONAL ASSOCIATION,    :

                                                                   :    ORDER
               Plaintiff,

                                                                   :    19 Civ. 9358 (GWG)
   -v.-
                                                                   :

PAIGE HOSPITALITY GROUP, LLC,
MATTHEW SHENDELL, FONDUE 26 LLC,   :
BURGER FULTON LLC, and AINS IP
COMPANY LLC,                        :

               Defendants.        :
-----------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, United States Magistrate Judge**

      The Opinion and Order dated July 22, 2022 (Docket # 88), is corrected as follows: the word "satisfied" in the concluding paragraph is changed to "entered."[1]

      Thus, the Clerk is directed to enter judgment in favor of Capital One in the amount of $380,083.20 for the unpaid principal and late fees, with interest accruing at the rate of $66.24 per day from December 26, 2018, to the date judgment is entered. The judgment shall indicate that post-judgment interest shall accrue at the statutory rate provided in 28 U.S.C. § 1961.

Dated: July 26, 2022
       New York, New York

                                                    _____
                                                    GABRIEL W. GORENSTEIN
                                                    United States Magistrate Judge

---

[1] The Court does not construe Capital One's submissions as seeking to obtain an award of post-judgment interest at the contractual interest rate ($66.24 per day). Even if Capital One did intend to so request, it would be entitled only to the post-judgment rate provided in 28 U.S.C. § 1961(a). While a contract between parties may override section 1961 and provide for a different post-judgment interest rate, doing so requires "'clear, unambiguous and unequivocal' language expressing an intent that a particular interest rate apply to judgments or judgment debts." FCS Advisors, Inc. v. Fair Fin. Co., 605 F.3d 144, 148 (2d Cir. 2010). Capital One has pointed to no such language in any agreement and we are aware of none.